KNOLL, Judge.
The issue presented in this worker’s compensation appeal is whether the hearing officer erred in finding that the claimant, Lars Hammond, sustained his burden of proving a work-related accident. The hearing officer found the claimant credible, and that the witnesses and circumstantial evidence sufficiently corroborated his testimony.[1] For reasons which follow, we reverse, finding that the claimant failed to prove a work-related accident.
FACTS
H.B. Zachry employed Hammond as a pipe fitter. Hammond worked at the Vista plant in Lake Charles between July and November of 1990. He also worked for Zachry at another location, the Kronos plant, from February to May of 1991. While the exact date of the accident was not firmly established, Hammond testified that he was injured sometime in late September or early October of 1990, at the Vista plant. Hammond claimed he fell on a 1" x 14" anchor bolt extending from the concrete foundation on which he was working. He allegedly fell backwards in a sitting position, injuring his lower back or “tailbone”. There were no witnesses to the accident and there is no medical evidence of record other than Hammond’s testimony that he went to the Veterans Hospital and a chiropractor, sometime after being laid off the Kronos job in May of 1991.
The hearing officer’s ruling provided the following findings of fact:
“The testimony of claimant was credible, and there were [sic] testimony from other witnesses and circumstantial evidence which sufficiently corroborate claimant. The circumstances surrounding the claim, however, were muddled enough to justify contesting the claim in good faith.”
Zachary brings this appeal.
WORK-RELATED ACCIDENT
The law pertinent to proving a work-related accident was thoroughly reviewed and *544 applied by our Supreme Court in Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992). Rather than reiterate those well established principles herein, we refer the reader to pages 360-361 of Bruno for that discussion. This court is very mindful of the principles set forth in Bruno and applied those principles in Roszell v. National Union Fire Ins. Co., 602 So.2d 87 (La.App. 3rd Cir.1992), writ denied, 605 So.2d 1365 (La.1992), in affirming a worker’s compensation claim. The issue in Roszell was the same as presented herein, i.e., whether the claimant proved by a preponderance of the evidence that he suffered a work-related accident.
We have carefully reviewed the record and we can only conclude that the claimant may have low back problems, but even this, at best, is speculative. An accident or an ensuing disability was neither shown nor proven. The record is woefully lacking to support such a claim.
In reviewing the claimant’s testimony alone to prove the alleged work-related accident, we find the two elements necessary in corroboration of the claimant’s testimony to be insufficient to discharge his burden of proving a work-related accident. The two elements that are required in proving an accident based on the claimant’s testimony alone are: (1) no other evidence discredits or easts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. Bruno, supra.
We find serious doubt cast upon Hammond’s version of the accident and his alleged reporting of the accident.
Hammond testified that he reported the accident on the day it occurred to the medic at the Vista site; that he also signed “some papers” relating to the accident; and that he asked the medic on numerous occasions thereafter for pain medication. However, no documents were introduced at the hearing purporting to be the papers Hammond signed. Nor is there any evidence in the record that Hammond’s counsel attempted to obtain this log through discovery. In fact, when Zachry attempted to introduce testimony as to the contents of the accident log, Hammond’s counsel objected to its introduction. The only document introduced at the hearing that was allegedly contemporaneous with the accident was a note in Hammond’s handwriting. He claimed he made the note two weeks after the accident stating, “I had an injury at Vista plant, Zachry, 3rd of October.” However, both Hammond’s worker’s compensation claim form (LDOL WC 1008) of August 7, 1991, and his petition before the hearing officer stated September 16, 1990, as the accident date.
Hammond’s testimony was also contradicted by the depositions of Barry Lemoine and Jerry Benoit. Lemoine was the medic at the Vista site and Benoit was the safety supervisor. Hammond testified the medic he saw at the Vista site was known to him only as “Barry”. However, Barry Lemoine did not believe he had treated Hammond. Furthermore, Lemoine testified that if any injury was reported to him, it was standard procedure to make an entry in a running, injury report log. Lemoine was confident that if Hammond had told him of an accident, Lem-oine would have made an entry in the accident log. During tjfie period Lemoine worked for Zachry, he knew of no instance where a worker reported an injury and an accident report failed to be written. Lem-oine’s deposition testimony was closely corroborated by Lemoine’s supervisor, Jerry Benoit. Benoit stated he would have reviewed any entry made in the log and he did not recall any reference to Hammond. Additionally, Benoit did not believe an accident report could be filled out without his becoming aware of it.
Furthermore, we do not find Hammond’s testimony is corroborated by the circumstances following the accident. Although allegedly injured in late September or early October of 1990, Hammond continued to work at the Vista site for approximately another month. Additionally, after taking a preemployment physical examination, which he passed, Hammond worked on the Kronos job between February and May of 1991. Hammond testified he related the accident to the Zachry employee administering the physical, but neither party produced any record of the physical during the trial. Further *545 more, while Hammond stated that he was in pain between February and May of 1991, he continued working until laid off by Zachry.
Besides Hammond himself, the only other evidence supporting his claim came from two co-workers and his wife. Both the co-workers related that Hammond complained to them of pain and associated it with the alleged accident. One testified that they recalled Hammond bringing a pillow with him to use for his lower back. Hammond’s wife testified she saw a bruised area on his lower back and she described his reduced activity and complaints of pain.
We do not find Hammond’s supporting evidence sufficient to meet his burden of proving a work-related accident.
Considering the lack of evidence by Hammond and the total lack of medical evidence, the ease sub judice is plainly distinguishable from Bruno and Roszell. Under these facts, we are compelled to hold the claimant failed to prove a work-related accident and must reverse.
For the above and foregoing reasons, the judgment of the hearing officer is reversed. Costs of this appeal are assessed to Lars Hammond.
REVERSED.

. The record shows that the hearing officer simply awarded compensation without determining the claimant's wage rate or specifying the type of disability, i.e., total temporary, etc., or the rate of compensation due to the claimant in making the award. We point these deficiencies out so in the future the hearing officer may correctly determine these matters; however, in this case these issues are of no moment since we are reversing.